UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| THOMAS W. WHALEN, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 09-0584 |
| SUPERIOR COURT OF THE DISTRICT OF COLUMBIA, *et al.*, | ) ) ) ) | |
| Respondent. | ) ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on petitioner's *pro se* petition for a writ of *habeas corpus*. For the reasons set forth below, the Court will dismiss the petition.

In 1974, petitioner was convicted in the Superior Court of the District of Columbia of felony murder (rape) and rape, and was sentenced to consecutive terms of imprisonment of 20 years to life on the felony murder count and 15 years to life for rape. The D.C. Court of Appeals affirmed. *See Whalen v. United States*, 379 A.2d 1152 (D.C. 1977). The Supreme Court reversed, concluding that the D.C. Court of Appeals "was mistaken in believing that Congress authorized consecutive sentences in the circumstances of this case, and . . . that error denied the petitioner his constitutional right to be deprived of liberty as punishment for criminal conduct only to the extent authorized by Congress . . . ." 445 U.S. 684, 690 (1980). Petitioner contends that following the Supreme Court's remand of the case to the D.C. Court of Appeals, the latter court took no action "to rewrite their previous appellate opinion, nor remand the case" to the

Superior Court. (Pet. at 2.) Despite the appellate court's alleged lack of action, however, petitioner claims that the Superior Court issued a new sentence in 1981 in which it again sentenced him to consecutive terms. Finally, petitioner alleges that he filed a motion to amend judgment in Superior Court in August 2005, to which the court has failed to respond. Accordingly, petitioner requests that this Court require the D.C. Court of Appeals to act consistent with the Supreme Court's mandate, declare that the Superior Court was without jurisdiction to re-sentence him in 1981 because "the appeal was still in progress," and order the Superior Court to respond to his pending motion. (*See* Pet. at 5.)

Petitioner is essentially challenging the sentence imposed by the Superior Court in 1981 following the Supreme Court's remand. However, challenges of this nature must be brought by motion in the Superior Court under D.C. Code § 23-110. Pursuant to that section:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by . . . any Federal . . . court if it appears . . . that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-110(g). Accordingly, it is settled that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention.'" *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (internal footnote omitted); *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986). "Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F. Supp. 1232 (D.D.C. 1992); *see also Swain v. Pressley*, 430 U.S. 372, 381-82 (1977) ("Since the scope of the remedy provided by § 23-110 is the same as that provided by [28

U.S.C.] § 2255, it is also commensurate with habeas corpus in all respects save one – the judges who administer it do not have the tenure and salary protection afforded by Art. III of the Constitution."). Moreover, a prisoner's lack of success in his attempt to collaterally attack his conviction and sentence by means of a motion under D.C. Code § 23-110 does not render this remedy inadequate or ineffective. *See Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995).

   Accordingly, the Court will dismiss the petition for lack of subject matter jurisdiction. An Order consistent with this Memorandum Opinion will be issued separately on this date.

/s/<br>
ELLEN SEGAL HUVELLE<br>
United States District Judge

Date:   April 9, 2009