UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| THOMAS W. WHALEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-0584 |
| | ) | |
| SUPERIOR COURT OF THE | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner, a prisoner proceeding *pro se*, filed a "Petition Under the All Writs Act and Habeas Corpus Jurisdiction" requesting that this Court require the D.C. Court of Appeals to act consistent with the United States Supreme Court's mandate in *Whalen v. United States*, 445 U.S. 684 (1980), declare that the Superior Court of the District of Columbia was without jurisdiction to re-sentence him in 1981, and order the Superior Court to respond to his pending motion to amend judgment. The Court construed the filing as a petition for a writ of *habeas corpus* challenging the 1981 Superior Court sentence and dismissed it for lack of subject matter jurisdiction based on the availability of a remedy in the form of a motion in the Superior Court under D.C. Code § 23-110. *See Whalen v. Superior Court*, No. 09-0584, 2009 U.S. Dist. LEXIS 30204 (D.D.C. Apr. 9, 2009). Petitioner now seeks reconsideration of that decision, arguing that (1) § 23-110 is an inappropriate remedy because he is not challenging his conviction or sentence, and (2) federal courts have power to issue a writ of mandamus to enforce the Supreme Court's judgment.

In his original petition, petitioner alleged that following the Supreme Court's reversal and remand of the D.C. Court of Appeals' decision in his state case, "the superior court of D.C. violated the precedence of the supreme court and again issued an unconstitutional sentence by running the two sentences consecutively." (Petition at 2.)  Thus, it seems clear that, despite his protestations to the contrary, petitioner is in fact challenging his sentence.  As this Court noted in its prior opinion, challenges of this nature must be brought by motion in the Superior Court under § 23-110.  Mandamus relief is inappropriate when, as here, another adequate remedy is available. *Council of & for the Blind of Del. County Valley, Inc. v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc).

Even if that were not the case, however, this Court lacks jurisdiction to grant the mandamus relief petitioner requests.  It is well established that federal courts cannot review the decisions of the District of Columbia courts.  *See In re Taylor*, No. 04-7070, 2004 WL 2009373, at *1 (D.C. Cir. Sept. 9, 2004) (per curiam) (denying petition for writ of mandamus "because this court has no authority over the Superior Court of the District of Columbia"); *In re Carter*, No. 92-8033, 1992 WL 381041, at *1 (D.C. Cir. Dec. 2, 1992) (per curiam) (noting that the D.C. Circuit "has no authority to issue a writ of mandamus directed to the Superior Court of the District of Columbia").  "A challenge to an order or judgment of the Superior Court goes before the District of Columbia Court of Appeals, . . . and this Court 'is without authority to review final determinations of the District of Columbia Court of Appeals in judicial proceedings.'" *Long-El v. Fenty*, 593 F. Supp. 2d 50, 52 (D.D.C. 2009) (quoting *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983)).

For these reasons, the Court will deny petitioner's motion for reconsideration. A separate Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: June 15, 2009